#### FOR THE

### COUNTY OF LAMOILLE.

### MAY TERM, 1847.

---

PRESENT,

HON. ISAAC F. REDFIELD,
HON. DANIEL KELLOGG,  } ASSISTANT JUDGES.
HON. HILAND HALL,
HON. CHARLES DAVIS,

---

## PAUL T. SWEET v. JOHN HARDING.

A tender, made in the absence of the party, to whom, by the terms of the contract, it is required to be made, must be made before the *evening* of the day on which the contract falls due. And there is no difference, in this respect, between a tender of money and specific articles.

A tender of rent, on the day on which the same falls due, made to the lessor, at a late hour in the evening, is a valid tender. *Thomas* v. *Hayden et al.*, Windsor Co., July Term, 1846, cited by KELLOGG, J.

ASSUMPSIT upon a promissory note, dated March 8, 1844, for $25,55, payable to the plaintiff, or bearer, in good, saleable neat cattle, over one year old and not over eight years old, the fifth day of October, or in good clean grain in January following, to be delivered at the defendant's dwelling house. The defendant pleaded, that on the 31st day of January, 1845, he tendered good clean grain,

to the amount of the note, at his dwelling house.   Trial by the court, December Term, 1845,—Royce, J., presiding.

On trial the plaintiff produced the note  described in  his declaration,—the execution of which was admitted.   The  defendant then proved, that on the thirty first day of January, 1845, he  procured a sufficient quantity of good clean grain to pay the note, and  brought the same to the dwelling house then occupied by him in Lowell, and there, after dark, in  the fore  part of the evening, tendered  and set apart  the  grain in payment of  the note.   This was  done  by candle light, and the plaintiff was not present ; and the same grain was kept by the  defendant at his dwelling  house from  that time  to the time of trial, ready for the plaintiff.

Evidence was also given in reference  to the question whether the tender was made at the proper place ;  but as  this question was  not decided, the evidence need not be detailed.

The plaintiff insists, that  the tender was  made too late  in  the day, and that it should have  been made by day light but the court decided, that the  tender was  made  at a proper  time, and rendered judgment in favor of  the defendant.   Exceptions by plaintiff.

*Wires* and *White* for plaintiff.

*Poland* for defendant.

The opinion of the court was delivered by

Kellogg, J.   Upon the hearing  in this court two questions have been presented for consideration.

1. The plaintiff insists, that the tender was not made in time, and consequently that the  same  cannot be sustained.   We are aware, that the opinion has prevailed to some extent, that, in order to make a legal tender of  either money, or specific articles, it must be made, not only on the  day  specified in the  contract, but, in  the language of some  of the old authorities, at  the  uttermost  convenient time of the day, and before the  sitting of the sun, or  at  least before dark ; and authorities are often cited to sustain that position.   Indeed, in the case at bar, a *dictum* from Swift's Digest has been cited to that effect. But it is believed, that those authorities, when examined, will be found to apply to those cases, only, where the tender is made in the absence

of the party, to whom, by the terms of the contract, the tender is required to be made. To such cases these authorities are applicable and are unquestionably good law. But it was held by this court, in the case of *Thomas* v. *Hayden,* Windsor Co., July T. 1846, that a tender of rent on the day on which the same fell due, made *to the lessor,* at a *late hour in the evening,* was a valid tender. Nor is there any difference, in that respect, between a tender of money and specific articles. *Startup* v. *Macdonald,* 46 E. C. L. 593. To this extent we understand the authorities to go; and we are not aware that they go any farther.

In the case at bar, the plaintiff, the payee of the note, *did not attend* on the day and at the place specified in the contract for the performance of the same. If, then, the defendant, *in the absence of the plaintiff,* would have discharged himself from the contract by a legal tender, he should have made the same before the *evening* of the day, on which the contract fell due. The tender not having been so made, the same was invalid; and for this cause the judgment of the county court must be reversed.

2. A farther question has been made and discussed, in relation to *the place where* the tender was made; but inasmuch as the case is disposed of by the previous question, it is unnecessary to express any opinion upon this.